484 So.2d 1347 (1986)
Terry Wayne JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 83-1494.
District Court of Appeal of Florida, Fourth District.
March 12, 1986.
Rehearing Denied April 9, 1986.
*1348 Richard L. Jorandby, Public Defender, Gary Caldwell, and Tatjana Ostapoff, Asst. Public Defenders, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, Russell S. Bohn, and Robert S. Jaegers, Asst. Attys. Gen., West Palm Beach, for appellee.
WALDEN, Judge.
Terry Wayne Johnson was adjudged guilty based on a jury verdict of the kidnapping and felony murder of Frances Julia Slater for which he received concurrent life sentences. He appeals. We affirm.
The victim worked at a Li'l General Store. She disappeared in the early morning hours along with $134.00 from the safe. That afternoon her body was found thirteen miles distant with life extinguishing wounds, a stab wound in her stomach and a gunshot wound to the back of her head.
On the night before, and during the morning in question, Johnson was riding around with Bush, Parker and Cave in Bush's car. They were drinking, eating and hanging out, among other things.
Point 1. Johnson argues that his motion for judgment of acquittal should have been granted because he was merely present and did not actively participate in the crimes. We disagree, based upon the principles announced in Bryant v. State, 412 So.2d 347, 350 (Fla. 1982):
The record demonstrates beyond a reasonable doubt that Bryant was present during and participated in the robbery. If the jury finds that the tying of the victim by Bryant during the course of the robbery or any other acts committed by Bryant or his accomplice during the perpetration of the robbery either caused or materially contributed to the victim's death, then it may properly find Bryant guilty of first-degree murder. Swan v. State, 322 So.2d 485 (Fla. 1975). This is so because the felony murder rule and the law of principles combine to make a felon liable for the acts of his co-felons. *1349 Adams v. State, 341 So.2d 765 (Fla. 1976), cert. denied, 434 U.S. 878, 98 S.Ct. 232, 54 L.Ed.2d 158 (1977). But this liability is circumscribed by the limitation that the lethal act must be in furtherance or prosecution of the common design or unlawful act the parties set out to accomplish. Adams v. State; Pope v. State, 84 Fla. 428, 94 So. 865 (1922).
There was substantial, competent evidence that could lead a jury to conclude beyond a reasonable doubt the defendant had the intent to commit robbery, was involved in the criminal enterprise to perpetrate that robbery and kidnapping, that the killing was a part of the robbery and kidnapping, and that no evidence presented even a suggestion that the appellant withdrew from the criminal enterprise. Appellant was in the store the first time but left with the others because the girl was on the phone. So the group went riding around, went to the beach and exited the car for awhile, returned to the car and drove around, returning to the Li'l General Store, "And that's when we  they robbed the girl." The others brought her out and put her in the car between him and another, thus obstructing any means for her escape. He shared in the robbery proceeds as well. The additional crime of kidnapping and appellant's participation distinguishes the facts here from the authorities presented in appellant's argument.
Point 2. We find no harmful or reversible error in the manner in which the state conducted its voir dire of the jury. Peri v. State, 426 So.2d 1021 (Fla. 3d DCA 1983).
Point 3. We find no reversible error as concerns prosecutorial conduct in closing argument. State v. Murray, 443 So.2d 955 (Fla. 1984).
Point 4. No error has been demonstrated as to the manner employed by the prosecutor in the questioning of witness Cabre.
Point 5. Johnson complains about the refusal of the trial court to give certain requested instructions. The court refused to give:
OTHER CRIMES. You are instructed that the crimes of Accessory After the Fact, Conspiracy to Commit Armed Robbery and Compounding a Felony are separate chargeable offenses and not lesser-included offenses of the present charges. If, therefore, you believe from all of the evidence that the defendant is not guilty of the crimes with which he is charged, but is guilty of any one or all of the charges of Accessory After the Fact, Conspiracy to Commit Armed Robbery and Compounding a Felony, your verdict as to the present charges must still be not guilty.
Johnson then requested, in separate instructions, the definition of accessory after the fact, conspiracy to commit armed robbery and compounding a felony, which requests were refused.
Instead, the trial court granted Johnson's request to charge on the Independent Acts of Others, as follows:
If you find that the murder of Frances Julia Slater was committed by a person or persons other than Terry Wayne Johnson, and that the murder was a totally independent act of someone other than Terry Wayne Johnson, and if you further find that Terry Wayne Johnson did not participate in the murder, in that it was outside the scheme or design of the robbery or kidnapping or the escape from the immediate scene of the robbery, then you should find Terry Wayne Johnson not guilty of first degree felony murder.
The requested instructions which were denied are for crimes for which appellant was not indicted nor are they the lesser included offenses of those charged. The defense's theory was that the defendant may be guilty of other crimes but not those charged nor their lesser included offenses. Thus, if this were established beyond a reasonable doubt, the defendant would have to be found not guilty.
*1350 The defendant is entitled to have the jury instructed on the law applicable to his theory of the defense if there is evidence introduced to support the instruction. Hudson v. State, 408 So.2d 224 (Fla. 4th DCA 1981). However, there is no basis in law that entitles a defendant to have the jury instructed on the elements of crimes for which he is not charged, of which he is guilty, and thus must be found not guilty. The reason is clear: such an instruction would only confuse a jury and essentially try a defendant for crimes not charged. Instead, the trial court covered possible defenses with its instruction on independent acts of others. The trial court also instructed the jury that in order to find him guilty, the state has to prove that the crime charged was committed and it was committed by the defendant. (Lesser included offenses were included in the instructions.) Thus, there has been no reversible error. The refusal to give a requested charge when it is covered by charges given does not constitute error. Palmes v. State, 397 So.2d 648 (Fla. 1981); White v. State, 324 So.2d 115 (Fla. 3rd DCA 1975).
Point 6. No merit based on Herman v. State, 396 So.2d 222 (Fla. 4th DCA 1981).
Point 7. No merit based on Spaziano v. Florida, 468 U.S. 447, 104 S.Ct. 3154, 82 L.Ed.2d 340 (1984) and Owens v. State, 316 So.2d 537 (Fla. 1975).
Point 8. No merit based on Hawkins v. State, 436 So.2d 44 (Fla. 1983); Faison v. State, 426 So.2d 963 (Fla. 1983); State v. Hegstrom, 401 So.2d 1343 (Fla. 1981).
Point 9. No reversible error based on State v. Murray, 443 So.2d 955 (Fla. 1984) and Ryan v. State, 457 So.2d 1084 (Fla. 4th DCA 1984).
Johnson's final supplemental point was "The trial court erred by overruling appellant's objection that the state systematically excluded blacks from the jury."
This court relinquished jurisdiction to the circuit court to hold a hearing and to make a determination of this issue in accordance with State v. Neil, 457 So.2d 481 (Fla. 1984). This was done.
It appears that during voir dire below, appellant objected to the state using peremptory challenges to exclude blacks from the jury, in particular, two black ladies. Mrs. Clark and Mrs. Bostick were both black prospective jurors and both were excluded on peremptory challenges. Johnson objected to each exclusion. Mrs. Clark stated that she did not think she could be an impartial and objective juror because she felt her son who had been convicted of attempted robbery had been treated unfairly by the judicial system. Mrs. Bostick stated that she could not consider the death penalty.
After objections were made the trial court refused to make the prosecutor explain his reasons for peremptory challenges. In his supplemental brief, appellant cites Neil for the proposition that he deserves a new trial because the trial judge did not require the state to explain its reasons for the peremptory challenges. In our order dated October 15, 1984, we stated that by applying Neil to this particular fact situation, it was clear that the appellant had sustained his initial burden to require the trial court to take additional action. We recognized that at the time of the trial the Neil case had not been entered. We therefore relinquished jurisdiction and requested that the trial court decide whether "there is a substantial likelihood that the peremptory challenges [were] being exercised solely on the basis of race."
In Neil the Florida Supreme Court answered the following certified question from the Third District:
Absent the criteria established in Swain v. Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965), may a party be required to state the basis for the exercise of a peremptory challenge?
There is no need to go into the holding of Swain, suffice it to say that Neil rejected its holding and created a new test.

*1351 The intial presumption is that peremptories will be exercised in a non-discriminatory manner. A party concerned about the other side's use of peremptory challenges must make a timely objection and demonstrate on the record that the challenged persons are members of a distinct racial group and that there is a strong likelihood that they have been challenged solely because of their race. If a party accomplishes this, then the trial court must decide if there is a substantial likelihood that the peremptory challenges are being exercised solely on the basis of race. If the court finds no such likelihood, no inquiry may be made of the person exercising the questioned peremptories. On the other hand, if the court decides that such a likelihood has been shown to exist, the burden shifts to the complained-about party to show that the questioned challenges were not exercised solely because of the prospective juror's race. The reasons given in response to the court's inquiry need not be equivalent to those for a challenge for cause. If the party shows that the challenges were based on the particular case on trial, the parties or witnesses, or characteristics of the challenged persons other than race, then the inquiry should end and jury selection should continue.
In response to our October 15 order, the trial court held a hearing to make findings in accordance with Neil. After listening to appellant's counsel and the state attorney and reviewing the transcript of the voir dire and other documents, the court made the following findings:
(a) There was no substantial likelihood that Mrs. Clark was excluded on account of her race because she admitted that she could not be an impartial juror.
(b) There was no substantial likelihood that Mrs. Bostick was excluded on account of her race because of her strong reservations against the death penalty.
When a juror demonstrates that he or she could not impose the death penalty after weighing the mitigating circumstances, that juror can be properly excluded. Engle v. State, 438 So.2d 803 (Fla. 1983).
We hold that Mrs. Clark and Mrs. Bostick were not excluded because of their race.
Having reviewed all of appellant's points, to include consideration of the record, plus oral and written arguments, we are of the opinion that the judgment must be
AFFIRMED.
LETTS and DELL, JJ., concur.