542 So.2d 356 (1989)
J.B. PARKER, Appellant,
v.
STATE of Florida, Appellee.
J.B. PARKER, Petitioner,
v.
Richard L. DUGGER, Etc., Respondent.
Nos. 72374, 72951.
Supreme Court of Florida.
March 23, 1989.
Rehearing Denied May 26, 1989.
*357 Michael P. Aaron, Francis D. Landrey, Steven C. Krane and Geoffrey T. Mott of Proskauer, Rose, Goetz & Mendelsohn, New York City, for appellant/petitioner.
Robert A. Butterworth, Atty. Gen., and Richard G. Bartmon, Asst. Atty. Gen., West Palm Beach, for appellee/respondent.
PER CURIAM.
J.B. Parker appeals the trial court's denial of his motion for relief pursuant to Florida Rule of Criminal Procedure 3.850 and files a petition for a writ of habeas corpus. We have jurisdiction. Art. V, § 3(b)(1) & (9), Fla. Const. For the reasons expressed, we affirm the trial court and deny Parker's petition for a writ of habeas corpus.
The facts reveal that Parker and three others, John Earl Bush, Alphonso Cave, and Terry Wayne Johnson, robbed a convenience store, abducted an eighteen-year-old woman employee, and subsequently shot and killed her. Parker was convicted of first-degree murder, kidnapping, and robbery with a firearm. By an eight-to-four vote, the jury recommended a sentence of death, and the trial judge imposed the death sentence. We affirmed the conviction and sentence in Parker v. State, 476 So.2d 134 (Fla. 1985), which contains a more detailed rendition of the facts.
Two of the codefendants, Bush and Cave, were convicted of first-degree murder and given death sentences. We affirmed Bush's conviction and sentence in Bush v. State, 461 So.2d 936 (Fla. 1984), cert. denied, 475 U.S. 1031, 106 S.Ct. 1237, 89 L.Ed.2d 345 (1986), and Cave's conviction and sentence in Cave v. State, 476 So.2d 180 (Fla. 1985), cert. denied, 476 U.S. 1178, 106 S.Ct. 2907, 90 L.Ed.2d 993 (1986). The other participant, Johnson, was convicted of kidnapping and felony murder. See Johnson v. State, 484 So.2d 1347 (Fla. 4th DCA), review denied, 494 So.2d 1151 (Fla. 1986).
Parker sought relief pursuant to Florida Rule of Criminal Procedure 3.850. The trial court denied relief after having an evidentiary hearing. Parker appeals the trial court's ruling and petitions this Court for a writ of habeas corpus, raising the following issues: (1) trial counsel was ineffective in presenting the motion to suppress Parker's taped statement; (2) trial counsel was ineffective at the penalty phase; (3) the state failed to inform the court and the jury of its inconsistent factual positions concerning which participant was the triggerman; (4) the trial court improperly admitted expert testimony at the evidentiary hearing concerning trial counsel's effectiveness; and (5) appellate counsel was ineffective in the direct appeal.
After an examination of the record, we reject grounds (1), (2), and (5), finding that Parker's legal representation, both at trial and on direct appeal, was well within the guidelines prescribed by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).[*] Further, we find no merit in Parker's fourth claim that the trial court improperly admitted expert testimony concerning the effectiveness of his trial counsel.
Parker's third contention is that the state failed to inform the court and the jury of its inconsistent factual positions in the trials of the codefendants. He argues that the state violated Parker's due process and eighth amendment rights by taking different positions concerning who fired the fatal shot. Parker asserts that the state was required to advise the court and the jury of this fact because this information would *358 have indicated that the state itself had doubts as to whether Parker was the triggerman. We find that the state had no duty to present this information. It must be noted, however, that Parker was not precluded from presenting this matter to the jury by an appropriate witness, either during his case or on cross-examination. In this regard, the codefendants' trials predated this trial and Parker knew the position of the state in those trials. Further, and more important, Parker's case was the only one with direct evidence concerning the identity of the triggerman. At Parker's trial, the state presented testimony of Georgeanne Williams, codefendant Bush's girlfriend, who stated that, while she was visiting Bush at prison, Parker confessed that he shot the victim after Bush stabbed her. We find no trial court error regarding this contention.
Accordingly, we affirm the trial court's denial of Parker's rule 3.850 motion for postconviction relief and deny his petition for a writ of habeas corpus.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[*] In Strickland, the Court set forth the following test:

First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.
Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).