550 So.2d 459 (1989)
J.B. PARKER, Petitioner,
v.
Richard L. DUGGER, Respondent.
J.B. PARKER, Appellant,
v.
STATE of Florida, Appellee.
Nos. 74749, 74888.
Supreme Court of Florida.
October 25, 1989.
Francis D. Landrey, Edward F. Westfield and Michael P. Aaron of Proskauer, Rose, Goetz & Mendelsohn, New York City, and Steven J. Stein, Boca Raton, for petitioner/appellant.
Robert A. Butterworth, Atty. Gen., and Celia A. Terenzio, Asst. Atty. Gen., West Palm Beach, for respondent/appellee.
PER CURIAM.
J.B. Parker petitions this Court for a writ of habeas corpus, appeals the trial court's denial of his motion for postconviction relief pursuant to rule 3.850, Florida Rules of Criminal Procedure, and seeks a stay of his scheduled execution. This is the second postconviction relief proceeding in this cause. We have jurisdiction, article V, section 3(b)(1) & (9), Florida Constitution, and deny all relief.
We recently summarized the facts and procedural posture of this cause in Parker's prior postconviction proceeding, stating:
The facts reveal that Parker and three others, John Earl Bush, Alphonso Cave, and Terry Wayne Johnson, robbed a convenience store, abducted an eighteen-year-old woman employee, and subsequently shot and killed her. Parker was convicted of first-degree murder, kidnapping, and robbery with a firearm. By an eight-to-four vote, the jury recommended a sentence of death, and the trial judge imposed the death sentence. We affirmed the conviction and sentence in Parker v. State, 476 So.2d 134 (Fla. 1985), which contains a more detailed rendition of the facts.
Two of the codefendants, Bush and Cave, were convicted of first-degree murder and given death sentences. We affirmed Bush's conviction and sentence in Bush v. State, 461 So.2d 936 (Fla. 1984), cert. denied, 475 U.S. 1031, 106 S.Ct. 1237, 89 L.Ed.2d 345 (1986), and Cave's conviction and sentence in Cave v. State, 476 So.2d 180 (Fla. 1985), cert. denied, 476 U.S. 1178, 106 S.Ct. 2907, 90 L.Ed.2d 993 (1986). The other participant, Johnson, was convicted of kidnapping and felony murder. See Johnson v. State, 484 So.2d 1347 (Fla. 4th DCA), review denied, 494 So.2d 1151 (Fla. 1986).
*460 Parker v. State, 542 So.2d 356, 357 (Fla. 1989). In that decision, we denied Parker's petition for a writ of habeas corpus and affirmed the trial court's denial of his first rule 3.850 motion.
After the governor signed Parker's death warrant, Parker filed his second rule 3.850 motion with the trial court, which again denied relief. Parker appeals the trial court's denial of this postconviction motion and also files his second petition for a writ of habeas corpus directly with this Court. In these proceedings, he argues that: (1) the trial judge failed to give specific, written findings of fact contemporaneously with his sentencing decision, rendering the sentencing proceeding unreliable; (2) this Court failed to provide him with a meaningful review of his death sentence on direct appeal; (3) he was deprived of his right to effective assistance of counsel on direct appeal; (4) the state attorney used victim impact evidence and discussed the victims' personal traits during his closing argument, in violation of South Carolina v. Gathers, ___ U.S. ___, 109 S.Ct. 2207, 104 L.Ed.2d 876 (1989); Booth v. Maryland, 482 U.S. 496, 107 S.Ct. 2529, 96 L.Ed.2d 440 (1987); and Jackson v. Dugger, 547 So.2d 1197 (Fla. 1989); (5) the trial judge systematically excluded blacks from the jury during voir dire, in violation of State v. Slappy, 522 So.2d 18 (Fla.), cert. denied, ___ U.S. ___, 108 S.Ct. 2873, 101 L.Ed.2d 909 (1988); (6) the prosecutor's comments during voir dire and summation led the jury to believe that a death sentence was mandatory if the mitigating circumstances did not outweigh the aggravating circumstances; (7) the prosecutor's statements improperly shifted to Parker the burden of proof concerning whether he should receive a death sentence; (8) he was entitled to a unanimous jury verdict regarding the existence of at least one aggravating circumstance; (9) the prosecutor improperly told the jurors not to consider sympathy for Parker during sentencing; (10) the state attorney violated chapter 119, Florida Statutes, by not giving Parker access to his files and records regarding Parker; and (11) Parker was denied the effective assistance of a mental health expert. We find that Parker is procedurally barred at this time from raising all of these issues.
As to issue (4), Parker argues that the state attorney violated Gathers, Booth, and Jackson by using victim impact evidence and discussing the victims' personal traits during his closing argument. While we hold that this issue is procedurally barred, we find that an explanation is necessary to distinguish this case from our recent decision in Jackson. Parker raised this issue in his present petition for a writ of habeas corpus. It is important to note that habeas corpus petitions are not to be used for additional appeals on questions which could have been, should have been, or were raised on appeal or in a rule 3.850 motion, or on matters that were not objected to at trial. Suarez v. Dugger, 527 So.2d 190 (Fla. 1988); White v. Dugger, 511 So.2d 554 (Fla. 1987); Blanco v. Wainwright, 507 So.2d 1377 (Fla. 1987). Although we retroactively applied Booth in Jackson, we find that Jackson is clearly distinguishable from the instant case because Jackson objected to the use of victim impact evidence at trial and raised the issue on appeal and we expressly addressed the issue on appeal. As we indicated in that case, the procedural bar applies when there is no objection at trial. Jackson, 547 So.2d at 1199; accord Adams v. State, 543 So.2d 1244 (Fla. 1989); Eutzy v. State, 541 So.2d 1143 (Fla. 1989); Grossman v. State, 525 So.2d 833 (Fla. 1988), cert. denied, ___ U.S. ___, 109 S.Ct. 1354, 103 L.Ed.2d 822 (1989). Because no objection was made at the time the state made the comments at issue, Parker is not entitled to relief. Also, Booth claims are not generally cognizable in habeas corpus proceedings:
Ordinarily, an issue under Booth v. Maryland, 482 U.S. 496, 107 S.Ct. 2529, 96 L.Ed.2d 440 (1987), should be raised by motion under rule 3.850. However, because this Court had specifically approved the introduction of Sheriff Carson's testimony on direct appeal, and because all the pertinent facts are contained in the original record on appeal, we believe that in this instance the issue *461 may be appropriately considered in the petition for writ of habeas corpus.
Jackson, 547 So.2d at 1199-1200 n. 2 (emphasis added).
Finally, in holding that issue (10) concerning the chapter 119 violation is procedurally barred, we note that Parker made a request for 119 record information at the outset of the first postconviction proceeding but did not further pursue the matter before the trial court or this Court in that proceeding.
For the reasons expressed above, we deny all relief in this proceeding.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, GRIMES and KOGAN, JJ., concur.
BARKETT, J., concurs specially with an opinion.
BARKETT, Justice, specially concurring.
I agree that the prior decisions of this Court support the conclusion that the claims asserted are procedurally barred.