579 So.2d 725 (1991)
John Earl BUSH, Petitioner,
v.
Richard L. DUGGER, Etc., Respondent.
No. 76577.
Supreme Court of Florida.
March 28, 1991.
Rehearing Denied June 12, 1991.
*726 Larry Helm Spalding, Capital Collateral Representative, Billy H. Nolas, Chief Asst. CCR, and Gail Anderson, Staff Atty., Office of the Capital Collateral Representative, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen., and Celia A. Terenzio, Asst. Atty. Gen., West Palm Beach, for respondent.
PER CURIAM.
John Earl Bush, who is sentenced to death, petitions this Court for a writ of habeas corpus. Bush was convicted of the 1982 first-degree murder of Frances Slater. We have affirmed that conviction and the sentence of death in Bush v. State, 461 So.2d 936 (Fla. 1984), cert. denied, 475 U.S. 1031, 106 S.Ct. 1237, 89 L.Ed.2d 345 (1986), and have subsequently denied an appeal from a rule 3.850[1] motion and a first petition for a writ of habeas corpus. Bush v. Wainwright, 505 So.2d 409 (Fla.), cert. denied, 484 U.S. 873, 108 S.Ct. 209, 98 L.Ed.2d 160 (1987). We have jurisdiction under article V, sections 3(b)(1) and (9) of the Florida Constitution.
Bush raised four claims in this petition. First, he argues that the prosecutor committed reversible error in the closing argument during the penalty phase and that he is entitled to relief under the United States Supreme Court's decisions in Booth v. Maryland, 482 U.S. 496, 107 S.Ct. 2529, 96 L.Ed.2d 440 (1987), and South Carolina v. Gathers, 490 U.S. 805, 109 S.Ct. 2207, 104 L.Ed.2d 876 (1989). Bush's attorney objected to the argument and raised the issue on appeal. In that decision this Court stated:
[Bush] argues that during the sentencing phase the prosecutor made an appeal for sympathy and revenge for the family of the victim in the following statement to the jury:
"I ask you, don't consider the sympathy that Mr. and Mrs. Campbell have. Don't consider that when Mr. and Mrs. Campbell sit down to Thanksgiving dinner just three days from now that they are going to look across the table and they are going to look at Cathy and they are going to see Frances Julia Slater, the identical twin sister. If sympathy had any part of it, think of what they go through. And every time they sit down and look at her, this whole incident is going to come back ..."
Bush contends that this appeal for retribution was devastating inasmuch as the jury vote was 7-5 in favor of imposing the death penalty. We disagree. We have previously held that although "the rule against inflammatory and abusive argument by a state's attorney is clear, each case must be considered upon its own merits and within the circumstances pertaining when the questionable statements are made...." Darden v. State, 329 So.2d 287, 291 (Fla. 1976), cert. dismissed, 430 U.S. 704, 97 S.Ct. 1671, 51 L.Ed.2d 751 (1977).
... . We find that the above appeal to the jury's sympathies was of minor impact and does not merit resentencing. The statements are not a clear abuse, nor do they rise to the magnitude of a denial of fundamental fairness.
Bush, 461 So.2d at 941-42. Because we did not have the benefit of Booth and Gathers when we first considered this case, we have decided to reconsider this claim under those decisions.[2]
*727 In Booth the Supreme Court held that Maryland's requirement that a "victim impact statement" be considered during sentencing violated the eighth amendment. The "victim impact statement" in that case contained extensive information about "the victims' outstanding personal qualities" and "the emotional and personal problems the family members have faced as a result of the crimes." Booth, 482 U.S. at 499, 107 S.Ct. at 2531. The victim impact statement also presented information concerning "the family members' opinions and characterizations of the crimes" including the son's statement that "his parents were `butchered like animals.'" Id. at 508, 107 S.Ct. at 2535. The Supreme Court concluded that "the formal presentation of this information by the State can serve no other purpose than to inflame the jury and divert it from deciding the case on the relevant evidence concerning the crime and the defendant." Id. Thus, such information could result in a jury's imposing the death penalty in an arbitrary and capricious manner. Id. at 502-03, 107 S.Ct. at 2532-33.
The Supreme Court again considered Booth error in Gathers. During the sentencing phase closing arguments in Gathers the prosecutor read extensive portions of a printed prayer as well as emphasizing other religious objects and a voter registration card all found in the victim's possession. Gathers, 490 U.S. at 808-10, 109 S.Ct. at 2209-10. The Court held that this argument violated Booth because it focused the jury's attention on the victim's personal qualities and characteristics, factors about which the defendant was unaware. Id., 490 U.S. at 811, 109 S.Ct. at 2210-11. The information was not relevant to the circumstances of the crime nor to the defendant's moral culpability. Id. at 811-12, 109 S.Ct. at 2210-11.
In comparison to the extensive victim impact evidence presented to the juries in Booth and Gathers, in this case the prosecutor made only one comment about how the family would miss the victim during an upcoming holiday. The single comment in this case cannot compare in impact to that created by the victim impact statement in Booth or the use of the prayer in Gathers. The comment did not impermissibly emphasize the victim's personal qualities or the family's opinions and characterizations of the crime. The comment was only a single statement about the family's loss, a loss that juries are generally aware that families feel when a family member is murdered. Although the comment was improper, we can say beyond a reasonable doubt that the jury's recommendation would have been no different had it not heard this statement. See Jackson v. Dugger, 547 So.2d 1197 (Fla. 1989).[3]
Bush's next claim is that this Court should vacate his death sentence and impose a sentence of life imprisonment because the sentencing judge failed to issue a contemporaneous written sentencing order with his oral announcement of sentence.[4] This claim is procedurally barred. Parker v. Dugger, 550 So.2d 459 (Fla. 1989). We also note that Bush's sentencing preceded our decision in Grossman v. State, 525 So.2d 833 (Fla. 1988), cert. denied, 489 U.S. 1071, 109 S.Ct. 1354, 103 L.Ed.2d 822 (1989), and comported with the sentencing requirements we set out in Stewart v. State, 549 So.2d 171 (Fla. 1989), cert. denied, ___ U.S. ___, 110 S.Ct. 3294, 111 L.Ed.2d 802 (1990).
Bush next argues that the cold, calculated, and premeditated aggravating factor was improperly applied. This claim *728 is procedurally barred because Bush raised the claim on direct appeal. Bush's reliance on Maynard v. Cartwright, 486 U.S. 356, 108 S.Ct. 1853, 100 L.Ed.2d 372 (1988), is misplaced. Brown v. State, 565 So.2d 304 (Fla.), cert. denied, ___ U.S. ___, 111 S.Ct. 537, 112 L.Ed.2d 547 (1990).
Finally, Bush claims that he is entitled to relief because the penalty phase jury instructions unconstitutionally shifted the burden of proof to him to prove death was not the appropriate penalty. This claim is procedurally barred because Bush did not object to the instructions at trial. We also note that the instructions were not erroneous. Bertolotti v. Dugger, 883 F.2d 1503 (11th Cir.1989), cert. denied, ___ U.S. ___, 110 S.Ct. 3296, 111 L.Ed.2d 804 (1990).
We deny the petition for habeas corpus.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, BARKETT, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[1] Florida Rule of Criminal Procedure 3.850.
[2] Claims of error under Booth v. Maryland, 482 U.S. 496, 107 S.Ct. 2529, 96 L.Ed.2d 440 (1987), are generally not cognizable in a habeas corpus proceeding. Roberts v. State, 568 So.2d 1255 (Fla. 1990); Jackson v. Dugger, 547 So.2d 1197, 1199 n. 2 (Fla. 1989). However, in Jackson this Court considered the Booth claim during habeas proceedings because this Court had specifically approved the introduction of the testimony on direct appeal. Because this case comes to us in a similar procedural posture to Jackson, we have chosen to discuss this claim on the merits. Cf. Parker v. Dugger, 550 So.2d 459 (Fla. 1989) (Booth claims procedurally barred because the defendant had not objected to the use of the victim impact evidence at trial). However, we refuse to consider claims of Booth error that occurred during jury selection, when the prosecutor was asking prospective jurors if they knew members of the victim's family, because the defendant did not object.
[3] The United States District Court for the Middle District of Florida has similarly rejected Bush's claims of Booth error. Bush v. Dugger, Case No. 88-22-CIV-FtM-13 (M.D.Fla. Aug. 8, 1989).
[4] Pursuant to the directions of this Court, the judge subsequently incorporated his oral findings into a written sentencing order.