DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STATE OF FLORIDA,**
Appellant,

v.

**J.B. PARKER,**
Appellee.

No. 4D18-3112

[June 26, 2019]

Appeal of non-final order from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; Elizabeth Metzger, Judge; L.T. Case No. 431982CF000352C.

Ashley B. Moody, Attorney General, Tallahassee, and Leslie T. Campbell, Senior Assistant Attorney General, West Palm Beach, for appellant.

Baya Harrison, III, Monticello, for appellee.

MAY, J.

The State appeals an order granting the defendant's motion to suppress. It argues the trial court erred in granting the motion without an evidentiary hearing and in relying on *Parker v. State*, 89 So. 3d 844 (Fla. 2011). We agree and reverse.

A full procedural history is unnecessary to our decision. Suffice it to say, this case has had a long past. In 1982, the defendant and co-defendants robbed, kidnapped, and murdered a convenience store clerk. The defendant gave statements and claimed a co-defendant stabbed and shot the victim.

In 1983, the defendant was convicted and sentenced to death. In 1985, the Supreme Court of Florida affirmed the conviction and sentence. *Parker v. State*, 476 So. 2d 134, 135 (Fla. 1985) ("*Parker I*"). In 1992, the United States Court of Appeals for the Eleventh Circuit held that the defendant's May 5, 1982 statement was inadmissible. *Parker v. Singletary*, 974 F.2d 1562, 1574 (11th Cir. 1992) ("*Parker IV*"). The federal court concluded,

however, that the error was harmless and affirmed an order denying habeas corpus relief.  *Id.*

In 1996, the trial court granted postconviction relief and ordered a new penalty phase trial based on newly-discovered evidence.  In 1998, the Supreme Court of Florida affirmed this ruling.  *State v. Parker*, 721 So. 2d 1147, 1151 (Fla. 1998) ("*Parker V*").

During the second penalty phase trial, the defendant moved to suppress his May 7, 1982 statement, arguing that it derived from the inadmissible May 5, 1982 statement.  The trial court granted the State's motion to quash the motion to suppress, and the defendant was again sentenced to death.

On appeal, the Supreme Court of Florida relinquished jurisdiction to the trial court to conduct an evidentiary hearing on the defendant's motion to suppress the May 7, 1982 statement.  *Parker v. State*, 873 So. 2d 270, 278 (Fla. 2004) ("*Parker VI*").  The issue was whether the defendant reinitiated contact with police after the May 5, 1982 statement.

Rather than presenting testimony, defense counsel and the State stipulated to the record and allowed the court to rule without an evidentiary hearing.  The trial court found the defendant reinitiated contact with the police before the May 7, 1982 statement and knowingly and intelligently waived his rights.  The Supreme Court of Florida affirmed the denial of the motion to suppress and the death sentence.  *Id.* at 281.

In 2006, the defendant filed another postconviction motion claiming that his counsel was ineffective at the motion to suppress hearing by stipulating to the use of the record, which contained inadmissible hearsay.  The trial court denied the motion.

On appeal, the Supreme Court of Florida concluded that counsel had been deficient, but found no prejudice to warrant postconviction relief.  *Parker v. State*, 89 So. 3d 844, 850 (Fla. 2011) ("*Parker VIII*").  In its decision, the supreme court explained:  "[w]e conclude that there would not have been competent, substantial evidence to support the trial court's finding that [the defendant] initiated the May 7 interview, absent the stipulated-to hearsay statements."  *Id.* at 867.  The supreme court recognized that, but for counsel's deficiency, the May 7, 1982 statement "would have been suppressed."  *Id.* at 868.  Despite this, the supreme court conducted a cumulative prejudice analysis and concluded that confidence in the death sentence was not undermined.  *Id.* at 869.

2

In 2017, the defendant filed yet another postconviction motion, and the trial court again granted a new penalty phase trial based on *Hurst v. Florida,* 136 S. Ct. 616 (2016). The defendant again moved to suppress his statements. The State argued that an evidentiary hearing was required, while defendant argued that an evidentiary hearing was unnecessary.

At the hearing on the motion, the State announced that it would not use the statements unless the defense opened the door, but the defendant wanted a ruling on the admissibility of the statements—contending that his decision to testify at trial derived from the inadmissible statements. As the parties argued over the admissibility of defendant's 1983 trial testimony, the State disputed the inadmissibility of the May 7, 1982 statement. The State argued that the supreme court had not ruled on the admissibility of the May 7, 1982 statement in *Parker VIII*. The trial court asked for further briefing.

After receiving the additional briefing and without an evidentiary hearing, the trial court found the May 7, 1982 statement inadmissible based upon *Parker VIII*. The State moved for rehearing and argued the court should not have ruled on the statement's admissibility because it had decided not to use the statement, and, in any event, an evidentiary hearing was required.

The defendant responded that an evidentiary hearing was not required, that *Parker VIII* was the law of the case, and the State had not proffered any new evidence to show that the May 7, 1982 statement was admissible. The trial court denied the State's motion for rehearing and adopted the defendant's response.

The State now appeals. It argues the trial court erred in suppressing the May 7, 1982 statement without an evidentiary hearing. The State also argues the supreme court did not determine the admissibility of the May 7, 1982 statement in *Parker VIII*. Therefore, the law of the case doctrine does not apply.

We review de novo the purely legal issue of whether the law of the case doctrine applies under these circumstances. *See State v. McBride*, 848 So. 2d 287, 289 (Fla. 2003).

> The doctrine of the law of the case requires that "questions of law *actually decided on appeal* govern the case in the same court and the trial court, through all subsequent stages of the proceeding." . . . This doctrine "is limited to rulings on

3

questions of law actually presented and considered on a former appeal."

*Thornton v. State*, 963 So. 2d 804, 809 (Fla. 3d DCA 2007) (citations omitted).

> There are two exceptions to the confines of the doctrine: first, *a trial court is not bound to follow the prior ruling if the facts upon which the prior ruling was made are no longer the facts of the case*; and, second, an appellate court may reconsider and correct an erroneous ruling that has become the law of the case where a manifest injustice would result.

*Id.* (emphasis supplied).

The State is correct. The law of the case doctrine does not apply here. Our supreme court's decision in *Parker VIII* was limited to whether counsel was deficient in stipulating to the admission of hearsay and whether the defendant was prejudiced thereby. *Parker*, 89 So. 3d at 860. It did not decide that the May 7, 1982 statement was categorically inadmissible.

The supreme court's conclusions regarding the admissibility of the statement and the sufficiency of the evidence were based on the record then before it. The State is correct that, due to defense counsel's stipulation, it may not have been afforded a fair opportunity to develop evidence concerning the admissibility of the statement at issue. If the facts upon which the supreme court's prior conclusions were made are no longer the facts of the case, then the doctrine does not apply. The trial court erred in relying on *Parker VIII* to deem the May 7, 1982 statement categorically inadmissible.

Accordingly, we reverse the portion of the trial court's order that summarily determined the May 7, 1982 statement inadmissible, and we remand the case for further proceedings consistent with this opinion.

*Reversed and Remanded.*

TAYLOR and KLINGENSMITH, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

4