TERRELL, Justice.
Appellant was tried and convicted for murder in the first degree. The indictment was in two counts, the first count charging that the homicide was committed with premeditation and the second count charged that it was committed in an attempt to perpetrate a robbery. The death penalty was imposed and the defendant has appealed.
It is first contended that the evidence is not sufficient to support a verdict and judgment of murder in the first degree.
Summarized, the evidence shows that appellant and his accomplice, Douglas Gibson, met in one of the parks at Daytona Beach, Saturday evening, January 5, 1952. After some drinks the conversation turned to money. Appellant suggested that if they had a weapon they could rob someone. Gibson responded by placing his gun in the hands of appellant. They proceeded forthwith to town and boarded the first cab they came to, instructing the driver to take them to “Chef’s Place.” Gibson got in the front seat and appellant got in the back seat. On the way to “Chef’s Place” Gibson feigned illness as planned, but when they reached there it was closing so they turned and started back when Gibson actually got sick and requested the driver to stop which he did and Gibson got out of the cab. The driver, whose name was Edward Richard Thomas, held a flashlight on him but when he got about 15 feet from the cab he heard a shot and returned to the cab where he found Thomas with his head bleeding profusely. Gibson asked appellant what had happened and his reply was that it looked as if Thomas was coming towards him and he shot him. Gibson got in the cab, appellant pushed Thomas from under the wheel and Gibson drove about 500 yards down the road where they removed the body from the cab, took off the decedent’s trousers and after taking the money in his pockets used the trousers to wipe the blood off the ■cab. They then proceeded to Miami.
Before they had driven very far they stopped and Gibson broke the neon advertising light off the rear of the cab to make it less conspicuous. Farther on the way they had a flat tire and a road patrolman helped them get that fixed. When they reached Miami they concealed the cab and wiped the blood and finger prints from it. They rented a room and went to bed but appellant could not sleep so he got up and started exploring the Miami bars. He ended up at Ai’s bar where he had drinks with someone named Bevis. He had some words and a fracas with a sailor for which he was arrested and later made a confession. With a policeman he went to look for Gibson and after he was located a second confession was made at the police station. The evidence further shows that prior to commission of the homicide, appellant had been drinking heavily. In fact, he had been recently discharged from the navy for drinking. Paragraph one of his discharge is as follows:
“1. The above named enlisted man was examined by me 9 November, 1951. This man knows the nature and quality of his acts. He is able to distinguish right from wrong and to adhere to the right. In my opinion, he is and has been legally responsible for all acts and offenses that he might have committed.”
From this summary of the evidence the conclusion cannot be escaped that appellant murdered Thomas for the purpose of' robbing him.
It is next contended that error was committed when the Court in the absence of defendant but in company with State Attorney, counsel for defendant and the Court Reporter, entered the jury room and gave the jury further instructions relative to form of the verdict.
*868 The instruction in question was given at the request of the jury and was as follows: “If the verdict you propose to render on one count of the indictment is of a lesser degree of homicide than the verdict you propose to render on the other count of the indictment, it would be proper for you to render a verdict of guilty of the greater offense of which you find the defendant guilty, and not guilty of the lesser offense.”
The question which provoked the instruction came from the jury and was as follows: “We would like to know if it is possible to render varying degrees on the two counts.” “The way we would like to have it read is: We, the jury, find the defendant guilty of murder in the second degree as to count one of the indictment, and guilty of murder in the first degree as to count two of the indictment.”
It will be noted that the instruction was not only requested by the jury but went only to the form of the verdict. It was given in the presence of defense counsel who imposed no objection at the time and there is no showing that it affected a substantial right of defendant. The jury evidently felt that while premeditation was not shown, there was ample showing that the murder was committed to perpetrate a robbery. Under the circumstances the instruction was warranted and the verdict was in response to the charge. It found defendant not guilty as to count one and guilty as to count two. If error was committed it was harmless. Section 924.33, Florida Statutes, 1951, F.S.A.; Lowman v. State, 80 Fla. 18, 85 So. 166.
It is next contended that the confessions, 'both dated January 7, 1952, were improperly admitted in evidence because they were not given voluntarily.
It is contended that appellant was so intoxicated that he could not form an intent to commit murder in the first degree. The evidence, while some of it is in conflict, is a complete answer to this contention. The confessions were cumulative in nature, in that they admitted the murder which other evidence showed conclusively that appellant committed. There was ample showing that the confessions were voluntary, the trial court so found, and we find no error. We find no reason to explore other questions raised.
The judgment appealed from is accordingly affirmed.
Affirmed.
ROBERTS, C. J., and SEBRING, MATHEWS and DREW, JJ., concur.
THOMAS and HOBSON, JJ., dissent.