PER CURIAM.
This is an appeal from an order of the Circuit Court of the Eighth Judicial Circuit in and for Alachua County denying appellant’s motion for post-conviction relief. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const.
Carl Shriner (appellant) was convicted of first-degree murder and sentenced to death following the jury’s recommendation. This Court affirmed the conviction and sentence in Shriner v. State, 386 So.2d 525 (Fla.1980), cert. denied, 449 U.S. 1103, 101 S.Ct. 899, 66 L.Ed.2d 829 (1981). Appellant then filed a petition for writ of habeas corpus which was denied by Shriner v. Wainwright, 570 F.Supp. 766 (N.D.Fla.), aff'd, 715 F.2d 1452 (11th Cir.1983), cert. denied,— U.S.—, 104 S.Ct. 1328, 79 L.Ed.2d 723 (1984). Appellant also joined 122 others seeking relief from allegedly unconstitutional sentences of death, which claim was denied by Brown v. Wainwright, 392 So.2d 1327 (Fla.), cert. denied, 454 U.S. 1000, 102 S.Ct. 542, 70 L.Ed.2d 407 (1981). For the reasons below, we affirm the denial by the circuit court of appellant’s motion for post-conviction relief and deny his application for a stay of execution.
Appellant raises several points in his 3.850 motion, only two of which merit discussion. He first argues that he was not a participant in bench conferences held during trial, although he concedes that he was present at trial. He has not, however, shown that he suffered any prejudice nor has he proffered what he believes transpired in these various bench conferences. It is appellant’s contention that his absence from these conferences constitutes fundamental error going to the fairness of the trial itself, but he has not shown or attempted to show that any matter was determined in which he should have been consulted. Appellant was present throughout the trial, raised no objection to the bench conferences, and expressed no desire to participate in the conferences. Under the circumstances we find no error. Cf., Thomas v. State, 65 So.2d 866 (Fla.1953).
Appellant also argues that his counsel was ineffective in failing to present nonstatutory mitigating factors during the sentencing phase of the trial. This contention is belied by the record. At the time evidence was presented to the jury for its consideration on a recommended sentence, appellant advised the jury that he did not desire that it consider any evidence of mitigation. This was done over counsel’s objection. Fifteen days later, after the jury recommended death, appellant reversed himself and sought mercy from the sentencing judge. In argument before the judge, appellant’s counsel referred to appellant’s disadvantaged upbringing and urged that the judge consider this in mitigation. He now claims that his attorney failed to fully investigate his disadvantaged upbringing and to present such non-statutory mitigating factors. Applying the standards set forth in Strickland v. Washington, — U.S. —, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and Knight v. State, 394 So.2d 997 (Fla.1981), we conclude that there was no substantial deficiency in the representation of appellant and if there was any, it was not prejudicial. The various affidavits that appellant now submits, seven years later, are merely cumulative to what counsel argued before the trial judge during the sentencing phase. Considering that appellant took the position only fifteen days previous that he did not desire mitigation, counsel’s argument before the judge was an admirable adjustment to appellant’s change of mind and cannot be said to constitute ineffective assistance of counsel. As Justice O’Connor observed in Strickland:
The reasonableness of counsel’s actions may be determined or substantially influenced by the defendant’s own statements or actions....
Strickland, 104 S.Ct. at 2066.
. Appellant’s remaining points have been considered but do not merit discussion.
The denial of appellant’s 3.850 motion is affirmed. His application for a stay of *931 execution is denied. No petition for rehearing will be entertained.
It is so ordered.
ALDERMAN, C.J., and ADKINS, BOYD, OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.