586 So.2d 317 (1991)
Pedro MEDINA, Petitioner,
v.
Richard L. DUGGER, Respondent.
No. 77634.
Supreme Court of Florida.
August 22, 1991.
Rehearing Denied October 22, 1991.
*318 Larry Helm Spalding, Capital Collateral Representative, Martin J. McClain, Chief Asst. CCR and Judith J. Dougherty, Asst. CCR, Office of Capital Collateral Representative, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen. and Barbara C. Davis, Asst. Atty. Gen., Daytona Beach, for respondent.
PER CURIAM.
Pedro Medina, a prisoner on death row, petitions this Court for a writ of habeas corpus. We have jurisdiction pursuant to article V, section 3(b)(9), Florida Constitution, and deny the petition.
A jury convicted Medina of first-degree murder and theft of an automobile, and this Court affirmed his convictions and sentence of death. Medina v. State, 466 So.2d 1046 (Fla. 1985). Later, Medina filed a motion for postconviction relief, which the trial court denied. On appeal this Court affirmed that denial. Medina v. State, 573 So.2d 293 (Fla. 1990).
The instant petition presents six issues, the first three of which deal with Medina's competency at trial and sentencing. The remaining issues are: (4) whether one of Medina's statements should have been suppressed; (5) whether appellate counsel rendered ineffective assistance; and (6) whether handcuffing and shackling Medina at trial violated his rights. As Medina admits, he raised his competency and the suppression and handcuffing/shackling issues on direct appeal and in his motion for postconviction relief. "Habeas corpus is not to be used for additional appeals of issues that could have been, should have been, or were raised on appeal or in other postconviction motions." Mills v. Dugger, 559 So.2d 578, 579 (Fla. 1990). Therefore, issues (1) through (3), (4), and (6) are procedurally barred.
As part of the first issue, Medina claims that appellate counsel rendered ineffective assistance by inadequately briefing the competency issue. Although claims of ineffective assistance by appellate counsel are cognizable in habeas corpus petitions, "using a different argument to relitigate an issue in postconviction proceedings is not appropriate." Porter v. Dugger, 559 So.2d 201, 203 (Fla. 1990). Furthermore, "an allegation of ineffective counsel will not be permitted to serve as a means of circumventing the rule that habeas corpus proceedings do not provide a second or substitute appeal." Blanco v. Wainwright, 507 So.2d 1377, 1384 (Fla. 1987). Therefore, the ineffectiveness subclaim in the first issue is procedurally barred. Porter.
While ostensibly cognizable in this proceeding, in reality the fifth claim, ineffective assistance of appellate counsel, is also barred. Trial counsel did not object regarding the four items appellate counsel is now faulted for not raising. Appellate counsel is not ineffective for failing to raise issues not preserved for appeal. Roberts v. State, 568 So.2d 1255 (Fla. 1990). Also, Medina raised the merits of these issues (absence from shackling hearing, improperly limited cross-examination of victim's daughter, improper closing argument, and diminishing of jury's sense of responsibility) in his motion for postconviction relief. Merely clothing these issues in the guise of appellate counsel's ineffectiveness is unavailing. Thus, the fifth issue is also procedurally *319 barred. Atkins v. Dugger, 541 So.2d 1165 (Fla. 1989).
Therefore, we deny the petition for writ of habeas corpus.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, BARKETT, GRIMES, KOGAN and HARDING, JJ., concur.