648 So.2d 100 (1994)
John Gary HARDWICK, Jr., Petitioner,
v.
Richard L. DUGGER, Respondent.
John Gary Hardwick, Jr., Appellant,
v.
State of Florida, Appellee.
Nos. 75556, 78024.
Supreme Court of Florida.
September 8, 1994.
Rehearing Denied January 17, 1995.
*102 Michael J. Minerva, Capital Collateral Representative, Martin J. McClain, Chief Asst. CCR, and Fred Parker Bingham II, Asst. CCR, Office of the Capital Collateral Representative, Tallahassee, for petitioner/appellant.
Robert A. Butterworth, Atty. Gen., and Mark C. Menser, Asst. Atty. Gen., Tallahassee, for respondent/appellee.
PER CURIAM.
John Gary Hardwick, Jr., a prisoner under sentence of death, appeals the trial court's denial of his motion to vacate his conviction and sentence pursuant to Florida Rule of Criminal Procedure 3.850. We also have before us a petition for writ of habeas corpus. We have jurisdiction pursuant to article V, sections 3(b)(1) and (9) of the Florida Constitution.
Hardwick was convicted of first-degree murder for shooting and stabbing a man in Jacksonville in 1984. The jury recommended and the trial judge imposed the death sentence. On appeal, this Court affirmed both the conviction and sentence. Hardwick v. State, 521 So.2d 1071 (Fla.), cert. denied, 488 U.S. 871, 109 S.Ct. 185, 102 L.Ed.2d 154 (1988). After the Governor issued a death warrant in 1990, Hardwick filed a 3.850 motion in circuit court and a petition for habeas relief with this Court. In February 1990, the circuit court conducted a rule 3.850 evidentiary hearing. The Office of the Capital Collateral Representative (CCR) protested the hearing and requested a continuance on the grounds that Hardwick's collateral counsel was unavailable for the hearing. The circuit court denied the continuance and conducted an evidentiary hearing relating to the claims of ineffectiveness of trial counsel. On March 6, 1990, the circuit court entered an order denying Hardwick all relief. On appeal, this Court issued an order staying Hardwick's execution until further order and remanding the matter to the circuit court "for a complete evidentiary hearing on Hardwick's claims under Florida Rule of Criminal Procedure 3.850." The circuit court conducted a bifurcated hearing in May and August 1990. On March 21, 1991, the circuit court issued a supplemental order denying all relief on Hardwick's 3.850 claims.

Rule 3.850 Motion
Hardwick seeks review of the trial court's rejection of the following fifteen claims: 1) denial of due process and a full and fair hearing of his postconviction claims; 2) denial of the effective assistance of trial counsel *103 based upon several failures by counsel; 3) denial of effective assistance of counsel based upon denial of motion to discharge counsel; 4) no knowing waiver of Miranda[1] rights; 5) vague instructions as to the "cold, calculated and premeditated" (CCP) and "heinous, atrocious or cruel" (HAC) aggravating factors; 6) this Court's failure to remand for resentencing after striking two aggravating circumstances on direct appeal; 7) death sentence imposed on the basis of impermissible victim impact evidence in violation of Booth[2] and trial counsel was ineffective in failing to object; 8) Hardwick's absence during critical stages of the proceedings; 9) jury told that sympathy and mercy toward Hardwick could not be considered; 10) trial court's instructions and prosecutor's argument violated Caldwell;[3] 11) admission of unduly inflammatory and prejudicial photographs; 12) introduction of evidence of other crimes and bad character without proper jury instruction; 13) violation of the witness sequestration rule and prejudicial conduct by a spectator; 14) burden shifted to Hardwick to prove that life was the appropriate penalty; and 15) jury misled that a recommendation of life must be by a majority vote.
With the exception of claims 1 and 6 and the claims that allege ineffective assistance of counsel, all of the issues raised by Hardwick are procedurally barred. Claims 3 (denial of motion to discharge counsel) and 13 (violation of witness sequestration rule) were resolved on direct appeal when this Court concluded that the trial court did not err as to either matter. Hardwick, 521 So.2d at 1074, 1075. The remaining claims are procedurally barred because they either could or should have been raised on direct appeal. Smith v. State, 445 So.2d 323 (Fla. 1983), cert. denied, 467 U.S. 1220, 104 S.Ct. 2671, 81 L.Ed.2d 375 (1984). Claim 5, which challenges the sufficiency of the jury instructions on the CCP and HAC aggravating factors, is procedurally barred because trial counsel raised no objections to the wording of the instructions. The objections went only to the applicability of the factors in this case. See Kennedy v. Singletary, 602 So.2d 1285 (Fla.), cert. denied, ___ U.S. ___, 113 S.Ct. 2, 120 L.Ed.2d 931 (1992). Claim 6 (failure to remand for resentencing) was properly denied as the trial court has no authority to review the actions of this Court.
As his first claim, Hardwick argues that he was denied due process below because the judge failed to recuse himself upon motion to disqualify by the defendant, signed verbatim an order prepared by the State denying all relief, initiated ex parte communication with the State, and failed to provide Hardwick with a copy of the 3.850 hearing transcript which was available to the State. We find no merit to any of these claims. Hardwick's motion to disqualify the judge failed to set forth a legally sufficient basis to warrant disqualification. See Tafero v. State, 403 So.2d 355, 361 (Fla. 1981) (rule providing for disqualification of judge is not intended as a vehicle to oust judge who has made adverse rulings), cert. denied, 455 U.S. 983, 102 S.Ct. 1492, 71 L.Ed.2d 694 (1982). Similarly, we find no evidence that the trial court engaged in any improper conduct regarding the transcript of the 3.850 proceeding. Hardwick does not dispute that the State purchased its own transcript in order to prepare its proposed order. Nor does Hardwick dispute that, as provided by law, he received the transcripts and full record after he filed an appeal of the denial of postconviction relief.
In addition, we find no impropriety relating to the proposed order submitted by the State. The State submitted a draft order in September 1990 that was identical to the order denying relief signed by the judge on March 21, 1991. Hardwick argues that the judge engaged in improper ex parte communication by requesting that the State change the date on the last page of the proposed order. Hardwick cites Rose v. State, 601 So.2d 1181 (Fla. 1992), to support his contention that this issue warrants reversal of the *104 trial court's order. However, this case is unlike Rose where the trial court adopted the State's proposed order denying postconviction relief without providing the defendant's counsel notice of receipt of the order, a chance to review the order, or an opportunity to object to its contents. Id. at 1182. In the instant case, both parties stipulated to the filing of post-hearing memoranda, the State's proposed order was served on Hardwick's collateral counsel months before the trial judge signed the same order, and Hardwick's counsel filed an extensive response to the proposed order. Under these circumstances, we will not assume that the judge engaged in improper ex parte communication based upon a date change on the order's last page. We also find no merit to Hardwick's contention that the findings in the order are "plain error and not substantially supported by the evidence." To the contrary, the record supports the court's findings regarding the availability of witnesses and strategic decisions made by counsel.
The remaining claims allege that Hardwick was denied effective assistance of counsel based upon deficient performance of trial counsel. In order to prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate that 1) counsel's performance was deficient and 2) there is a reasonable probability that the outcome of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687, 694, 104 S.Ct. 2052, 2064, 2068, 80 L.Ed.2d 674 (1984).
In claim 2, Hardwick alleges that he was denied the effective assistance of counsel at trial based upon counsel's alleged failure to investigate and present a defense of voluntary intoxication, to investigate and present available mitigating evidence during the penalty phase, and to ensure adequate mental health evaluations. According to Strickland, "a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." 466 U.S. at 690, 104 S.Ct. at 2066. As discussed at length in the 3.850 order below, the record refutes Hardwick's claim that counsel's performance was deficient as to any of these issues. "[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." 466 U.S. at 691, 104 S.Ct. at 2066. In the instant case, despite an uncooperative client who disagreed about trial strategy and ordered counsel to present no mitigation evidence at the penalty phase, trial counsel took extensive depositions, interviewed a number of witnesses, obtained a psychiatric evaluation by a mental health expert, and conducted an investigation of Hardwick's background.
In claim 7, Hardwick argues that the death sentence was imposed on the basis of impermissible factors in violation of Booth and that trial counsel rendered ineffective assistance by failing to object to the prosecutor's statements regarding the victim and to move for a mistrial after emotional outbursts by the victim's cousin. Booth claims are procedurally barred in postconviction proceedings if not objected to at trial or raised on direct appeal. Adams v. State, 543 So.2d 1244, 1249 (Fla. 1989). Thus, we address only the ineffective assistance aspects of this claim. Even if counsel's performance was deficient in this regard, we find no prejudice. Most of the evidence at issue (prosecutor's emphasis of the victim's youth and argument that his life had been cut short) did not constitute improper victim impact evidence. See Payne v. Tennessee, 501 U.S. 808, 826, 111 S.Ct. 2597, 2609, 115 L.Ed.2d 720 (1991). While outbursts by the victim's cousin regarding the crime and Hardwick's guilt were improper,[4] the jury was not present when these remarks were made. The cousin made an obscene gesture toward Hardwick while the jury was present. The judge responded by removing the jury from the courtroom, reprimanding the cousin, and barring him from the trial. We find that the judge responded *105 appropriately to this incident and that reversal is not warranted on this basis.
In claim 8, Hardwick argues that his absence during critical stages of the proceedings constituted fundamental error and that trial counsel was ineffective in failing to object to his absence. Hardwick claims that he was excluded from the depositions taken in his case, despite a request that counsel file a motion to allow his presence. He also claims that he was not a participant in bench conferences held during trial and that failure to record these conferences made it impossible for subsequent counsel to review them. However, a defendant has no constitutional right to be present at the bench during conferences that involve purely legal matters. See In re Shriner, 735 F.2d 1236, 1241 (11th Cir.1984). Furthermore, the absence of recorded bench conferences does not constitute constitutional deprivation unless it renders review impossible. Id.; Songer v. Wainwright, 733 F.2d 788, 792 (11th Cir.1984). In the instant case, Hardwick failed to raise this issue on direct appeal and it is procedurally barred. However, to the extent that Hardwick argues fundamental error and counsel ineffectiveness, we find no merit to his claim. Hardwick was present throughout the trial and does not allege that he raised any objection to the bench conferences or expressed any desire to participate in those conferences. Hardwick has not shown nor attempted to show that any matter was determined at these conferences that required his consultation, nor has he demonstrated that any prejudice resulted from his absence during the depositions. Under these circumstances, Hardwick is not entitled to postconviction relief. See Shriner v. State, 452 So.2d 929, 930 (Fla. 1984).
To the extent that the procedurally barred issues raise claims of ineffective assistance of counsel, we find no merit as Hardwick has failed to demonstrate deficient performance or prejudice as required by Strickland.

Petition for Writ of Habeas Corpus
Hardwick raises the following ten claims in his petition for a writ of habeas corpus: 1) denial of effective assistance of counsel at trial and appellate counsel was ineffective in failing to competently raise this issue; 2) this Court's failure to remand for resentencing after striking two aggravating circumstances on direct appeal; 3) Caldwell violation and appellate counsel was ineffective for failing to properly raise this issue on appeal; 4) Booth violation and appellate counsel rendered ineffective assistance in failing to raise this claim; 5) violation of the witness sequestration rule and prejudicial conduct by a spectator; 6) CCP improperly applied; 7) admission of hearsay evidence regarding statements made by Hardwick's wife; 8) admission of evidence of other crimes and bad character and the lack of a limiting instruction and appellate counsel was ineffective in failing to raise this error; 9) improper instruction on HAC; and 10) prosecutor and court asserted that sympathy and mercy toward Hardwick were not proper considerations.
Most of the claims that Hardwick raises are repetitive of the issues raised in his rule 3.850 motion. We note that "habeas corpus petitions are not to be used for additional appeals on questions which could have been, should have been, or were raised on appeal or in a rule 3.850 motion, or on matters that were not objected to at trial." Parker v. Dugger, 550 So.2d 459, 460 (Fla. 1989).
Claims 5, 6, and 10 are procedurally barred because they either were raised on direct appeal or should have been raised on direct appeal. Claim 9 (HAC instruction) is procedurally barred as no objection was made at trial to the wording of the instruction. Kennedy. The merits of claim 4 (Booth claim) are not cognizable in this habeas corpus proceeding. As discussed above, Booth claims are procedurally barred in postconviction proceedings if not objected to at trial or raised on direct appeal. Adams. Even when properly preserved for postconviction review, Booth claims are not generally cognizable in habeas corpus proceedings and should be raised by motion under rule 3.850. Parker, 550 So.2d at 460. With the exception of claim 2, the merits of Hardwick's remaining claims are also procedurally barred in that they were either raised or *106 should have been raised on direct appeal. Parker.
Claim 2 asserts that this Court committed constitutional error when it failed to remand for resentencing after striking two aggravating circumstances on direct appeal. We find no merit to this claim. As the United States Supreme Court explained in Sochor v. Florida, 504 U.S. 527, ___, 112 S.Ct. 2114, 2119, 119 L.Ed.2d 326 (1992), federal law does not require a state appellate court to remand for resentencing when it determines that an invalid aggravating factor has been weighed by the sentencer, but the appellate court must "either itself reweigh without the invalid aggravating factor or determine that weighing the invalid factor was harmless error." This Court concluded that the error was harmless "in light of the particular valid aggravating factors remaining in this case and the absence of any mitigating factors." Hardwick, 521 So.2d at 1077. Consequently, claim 2 is without merit.
Hardwick's remaining claims allege ineffective assistance of appellate counsel. "[W]hen entertaining a petition for writ of habeas corpus based on a challenge of ineffective assistance of appellate counsel, the issue before us is limited to `first, whether the alleged omissions are of such magnitude as to constitute a serious error or substantial deficiency falling measurably outside the range of professionally acceptable performance and, second, whether the deficiency in performance compromised the appellate process to such a degree as to undermine confidence in the correctness of the result.'" Suarez v. Dugger, 527 So.2d 190, 192-93 (Fla. 1988) (quoting Pope v. Wainwright, 496 So.2d 798, 800 (Fla. 1986), cert. denied, 480 U.S. 951, 107 S.Ct. 1617, 94 L.Ed.2d 801 (1987)). We do not reach the second prong of that analysis, as we find that Hardwick has failed to demonstrate deficient performance by appellate counsel on any of the claims raised. Consequently, he is not entitled to habeas relief.
Hardwick asserts that appellate counsel failed to raise issues regarding Hardwick's right to effective assistance of trial counsel. However, counsel argued these very issues on appeal, and this Court rejected them. Hardwick, 521 So.2d at 1074-75. Moreover, we note that "an allegation of ineffective counsel will not be permitted as a means of circumventing the rule that habeas corpus proceedings do not provide a second or substitute appeal." Blanco v. Wainwright, 507 So.2d 1377, 1384 (Fla. 1987).
As to Hardwick's claim that appellate counsel was ineffective in failing to raise the Caldwell issue on direct appeal, we find that issue was not preserved as trial counsel did not interpose any objections to the instructions and arguments which are said to have offended Caldwell. Thus, appellate counsel was precluded from raising the issue on appeal. Squires v. Dugger, 564 So.2d 1074, 1077 (Fla. 1990). Appellate counsel was also precluded from raising the Booth issue on direct appeal as it was not properly preserved below. Appellate counsel is not ineffective for failing to raise issues not preserved for appeal. Medina v. Dugger, 586 So.2d 317, 318 (Fla. 1991).
Hardwick next claims that appellate counsel was ineffective in failing to raise the issue of the admission of certain hearsay evidence. The evidence at issue involved the testimony of Connie Wright that Hardwick's wife yelled at him for being out all night on the night of the offense. Trial counsel preserved this issue by objecting to the admission of the statement. Although appellate counsel could have argued this point on direct appeal, he cannot be deemed ineffective for failing to do so. As this Court has noted, appellate counsel need not raise every conceivable claim. Davis v. Wainwright, 498 So.2d 857, 859 (Fla. 1986), cert. denied, 484 U.S. 873, 108 S.Ct. 208, 98 L.Ed.2d 159 (1987). Given the totality of evidence against Hardwick, including Hardwick's own admissions about "taking care" of the individual who took his drugs, appellate counsel could have reasonably concluded that the point had no merit.
Finally, Hardwick claims that appellate counsel was ineffective in failing to argue that the court erred in admitting evidence that Hardwick possessed and sold drugs and in failing to give the jury a limiting instruction *107 as to that evidence. We find that the issue was not preserved below.[5] Thus, appellate counsel was not ineffective for failing to raise this issue that was not preserved for appeal. Medina.

Conclusion
Accordingly, we affirm the trial court's order denying Hardwick's rule 3.850 motion and deny the petition for writ of habeas corpus.
It is so ordered.
GRIMES, C.J., OVERTON, SHAW, KOGAN and HARDING, JJ., and McDONALD, Senior Justice, concur.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
[2] Booth v. Maryland, 482 U.S. 496, 107 S.Ct. 2529, 96 L.Ed.2d 440 (1987), overruled by Payne v. Tennessee, 501 U.S. 808, 111 S.Ct. 2597, 115 L.Ed.2d 720 (1991).
[3] Caldwell v. Mississippi, 472 U.S. 320, 105 S.Ct. 2633, 86 L.Ed.2d 231 (1985).
[4] Payne did not overrule that part of Booth finding "that the admission of a victim's family members' characterizations and opinions about the crime, the defendant, and the appropriate sentence violates the Eighth Amendment." Payne v. Tennessee, 501 U.S. 808, 830 n. 2, 111 S.Ct. 2597, 2611 n. 2, 115 L.Ed.2d 720 (1991).
[5] Although trial counsel filed a motion in limine to preclude testimony relating to Hardwick's drug activities, the trial court denied that motion. Upon introduction of that testimony, trial counsel did not object and did not request that the jury be given a limiting instruction. Failure to object at the time collateral crimes evidence is introduced waives the issue for appellate review, even where a prior motion in limine relating to that evidence has been denied. Correll v. State, 523 So.2d 562, 566 (Fla.), cert. denied, 488 U.S. 871, 109 S.Ct. 183, 102 L.Ed.2d 152 (1988).