KLEIN, Judge.
Appellant was convicted of aggravated battery with a firearm and shooting a deadly missile, but argues that he is entitled to a new trial because he was not present at the bench conference when peremptory challenges to jurors were exercised. We agree and reverse.
In Coney v. State, 653 So.2d 1009 (Fla.), cert. denied, — U.S. —, 116 S.Ct. 315,133 L.Ed.2d 218 (1995), the court construed Florida Rule of Criminal Procedure 3.180(a)(4) to mean that a defendant has “a right to be physically present at the immediate site where pretrial juror challenges are exercised.” Id. at 1013. The court then qualified its pronouncement:
Where this is impractical, such as where a bench conference is required, the defendant can waive this right and exercise constructive presence through counsel. In such a case, the court must certify through proper inquiry that the waiver is knowing, intelligent, and voluntary. Alternatively, the defendant can ratify strikes made outside his presence by acquiescing in the strikes after they are made. (Citations omitted). Again, the court must certify the defendant’s approval of the strikes through proper inquiry.
Id. at 1013.
The state acknowledges that the defendant was not present at the bench conference when peremptory strikes were made, and that the trial court made no inquiry, as required by Coney for there to have been a waiver or ratification, but argues that the mere failure to object can constitute ratification. We cannot agree, because if that were the rule it would make the above quoted language meaningless. See Mejia v. State, 675 So.2d 996 (Fla. 1st DCA 1996), and cases cited therein.[1]
The state also argues that the error is harmless under State v. DiGuilio, 491 So.2d 1129 (Fla.1986). We disagree. If defendant had participated in the exercising of peremptory strikes, it may have resulted in different jurors deciding his guilt or innocence. We cannot, under those circumstances, conclude beyond a reasonable doubt that the error did not affect the verdict. We find the remaining issues to be without merit.
STEVENSON and SHAHOOD, JJ., concur.

. The dissenting opinion in Mejia argues that the defendant’s absence is not fundamental error and requires an objection, relying on Gibson v. State, 661 So.2d 288 (Fla.1995). The supreme court’s file in Gibson, however, shows that the trial in Gibson occurred before the supreme court decided Coney. Since the Coney rule was prospective only, it would not have applied in Gibson. We are aware that the court cited Coney in Gibson; however, it was for the proposition that the error was harmless. In Coney the court concluded defendant's absence from the bench conference was harmless because the conference only included discussion of challenges for cause, not peremptory challenges. The court reasoned that challenges for cause only involve legal issues, and that a defendant has no constitutional right to be present at a bench conference involving “purely legal matters.” Coney at 1013 (citing Hardwick v. Dugger, 648 So.2d 100, 105 (Fla. 1994)). It appears that the court also found defendant's absence harmless in Gibson because the conference only involved challenges for cause.