PER CURIAM.
 

 Kelley appeals a trial court order denying his successive postconviction motion filed under Florida Rule of Criminal Procedure 3.851 and petitions this Court for a writ of habeas corpus.
 
 [1]
 
 For the reasons explained below, we affirm the trial court’s order and deny the habeas petition.
 

 
 *972
 
 I. BACKGROUND
 

 In 1984, William Harold Kelley was convicted and sentenced to death for the 1966 first-degree murder of Charles Von Maxcy. This Court affirmed Kelley’s conviction and sentence on direct appeal.
 
 Kelley v. State,
 
 486 So.2d 578 (Fla.1986). Additionally, we affirmed the denial of Kelley’s first postconviction motion and denied his petition for a writ of habeas corpus.
 
 Kelley v. State,
 
 569 So.2d 754 (Fla.1990);
 
 Kelley v. Dugger,
 
 597 So.2d 262 (Fla.1992). This Court most recently set forth the specific facts of this contract killing when affirming the trial court’s denial of post-conviction DNA testing.
 
 See Kelley v. State,
 
 974 So.2d 1047 (Fla.2007).
 

 Originally, only John Sweet, who commissioned Kelley to commit the murder, was tried for Maxcy’s murder.
 
 Kelley,
 
 974 So.2d at 1048. In 1976, several years after the prosecution of Sweet proved unsuccessful, the physical evidence from the Sweet trial was destroyed pursuant to court order.
 
 Id.
 
 After the evidence was destroyed, Kelley was indicted and tried for Maxcy's murder based upon Sweet’s testimony.
 
 Id.
 
 However, the issue of destroyed evidence has remained a constant over the course of Kelley’s trial, direct appeal, and postconviction proceedings.
 
 See Kelley,
 
 486 So.2d at 580-82;
 
 Kelley,
 
 569 So.2d at 756;
 
 Kelley,
 
 974 So.2d at 1051-52.
 

 In this successive postconviction motion, Kelley alleges that the State violated
 
 Brady v. Maryland,
 
 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), by failing to disclose evidence disposition forms which indicate that, in 1966 and 1967, certain evidence was transported from the Florida Sheriffs Bureau Crime Laboratory in Tallahassee back to the submitting agency after laboratory examination. The trial court denied relief, and Kelley appeals. Additionally, Kelley petitions this Court for a writ of habeas corpus, claiming that a manifest injustice occurred because evidence was destroyed prior to Kelley’s trial.
 

 II. ANALYSIS
 

 In his
 
 Brady
 
 claim, Kelley maintains that the State’s failure to disclose the evidence disposition forms necessitates a new trial because the forms would have led to the discovery of evidence that would have been both exculpatory and impeaching. Kelley also argues that the trial court erred in failing to hold an evidentiary hearing on this
 
 Brady
 
 claim. We disagree and affirm the trial court’s denial of relief.
 

 Brady
 
 requires the State to disclose material information within its possession or control that is favorable to the defense.
 
 Mordenti v. State,
 
 894 So.2d 161, 168 (Fla.2004). To establish a
 
 Brady
 
 violation, the defendant has the burden to show (1) that favorable evidence (2) was willfully or inadvertently suppressed by the State and, (3) because the evidence was material, the defendant was prejudiced. Str
 
 ickler v. Greene,
 
 527 U.S. 263, 281-82, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999);
 
 see also Way v. State,
 
 760 So.2d 903, 910 (Fla.2000). To meet the materiality prong, the defendant must demonstrate a reasonable probability that, had the suppressed evidence been disclosed, the jury would have reached a different verdict.
 
 Strickler,
 
 527 U.S. at 289, 119 S.Ct. 1936. “A reasonable probability is a probability sufficient to undermine confidence in the outcome.”
 
 Way,
 
 760 So.2d at 913 (emphasis omitted) (quoting
 
 United States v. Bagley,
 
 473 U.S. 667, 682, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985));
 
 see also Strickler,
 
 527 U.S. at 290, 119 S.Ct. 1936. When reviewing
 
 Brady
 
 claims, the Court gives deference to the trial court on findings of fact and reviews
 
 de novo
 
 the application of law and independently reviews the cumulative effect of the suppressed evidence.
 
 See id.
 

 
 *973
 
 “When determining whether an evi-dentiary hearing is required on a successive rule 3.851 motion, the [trial] court must look at the entire record.” Wright
 
 v. State,
 
 995 So.2d 324, 328 (Fla.2008). “If the motion, files, and records in the case conclusively show that the movant is entitled to no relief, the motion may be denied without an evidentiary hearing.” Fla. R.Crim. P. 3.851(f)(5)(B). And, because a trial court’s decision whether to grant an evidentiary hearing on a rule 3.851 motion is ultimately based on written materials before the court, its ruling is tantamount to a pure question of law, subject to de novo review.
 
 See State v. Coney,
 
 845 So.2d 120, 137 (Fla.2003) (holding that “pure questions of law” that are discernible from the record “are subject to de novo review”).
 

 Here, an evidentiary hearing on Kelley’s
 
 Brady
 
 claim was not warranted because the record conclusively demonstrates that Kelley is not entitled to relief. Specifically, the record demonstrates that the evidence disposition forms at issue are neither favorable nor material. These forms memorialize the transfer of evidence from the Florida Sheriffs Bureau to local officials after laboratory testing. They do not exculpate or exonerate Kelley; the forms do not mention Kelley or implicate someone else. Likewise, they do not offer any means of impeachment as the forms contain no information that would prove useful in attacking the prosecution’s witnesses. Furthermore, there is not a reasonable probability that, had the evidence disposition forms been disclosed, the result of the proceedings would have been different. Our confidence in the outcome is not undermined. Accordingly, because the evidence disposition forms are not favorable to Kelley and because the State’s failure to disclose them did not prejudice Kelley, no
 
 Brady
 
 violation occurred.
 

 To the extent Kelley is seeking to use the evidence disposition forms to reliti-gate his prior claims regarding the destroyed evidence, he is procedurally barred from doing so. As this Court determined on direct appeal and in the appeal of the first postconviction motion, the destruction of evidence did not prejudice Kelley’s case.
 
 Kelley,
 
 486 So.2d at 582;
 
 Kelley,
 
 569 So.2d at 756. Moreover, when affirming the denial of Kelley’s postconviction DNA testing motion, this Court explained that the “evidence collected in the Sweet trials was destroyed by court order in 1976.... [A]s testified to by the nine witnesses, none of the requested items were located despite a diligent search.”
 
 Kelley,
 
 974 So.2d at 1051. Thus, we do not see how evidence disposition forms indicating that certain evidence was returned to local officials in 1966 and 1967 would have enabled Kelley to discover evidence that was destroyed by court order in 1976 and could not be located despite a diligent search.
 

 Finally, in his habeas petition, Kelley alleges that (1) there has never been an evidentiary finding that all the physical evidence was destroyed prior to his trial; (2) appellate counsel was ineffective in stating that the evidence had been destroyed; and (3) the State intentionally suppressed or destroyed material evidence which prejudiced his defense. However, these habeas claims are procedurally barred.
 
 Hardwick v. Dugger,
 
 648 So.2d 100, 105 (Fla.1994) (“[H]abeas corpus petitions are not to be used for additional appeals on questions which could have been, should have been, or were raised on appeal or in a rule 3.850 motion.”) (quoting
 
 Parker v. Dugger,
 
 550 So.2d 459, 460 (Fla.1989)).
 

 As explained above, this Court previously stated that the evidence was destroyed in 1976 prior to Kelley’s trial and that
 
 *974
 
 Kelley was not prejudiced by the destruction of the evidence. Additionally, Kelley’s claim of ineffective assistance of appellate counsel is simply a variation of the claim of ineffective assistance of trial counsel raised in Kelley’s first postconviction motion. Both claims rely on the same set of facts, including that appellate counsel submitted affidavits from trial counsel indicating they knew that all of the evidence had been destroyed prior to Kelley’s trial. Therefore, Kelley’s habeas claims are procedurally barred.
 

 III. CONCLUSION
 

 In light of the above, we affirm the trial court’s denial of Kelley’s successive post-conviction motion, and we deny Kelley’s petition for a writ of habeas corpus.
 

 It is so ordered.
 

 WELLS, PARIENTE, LEWIS, CANADY, and POLSTON, JJ., and ANSTEAD, Senior Justice, concur.
 

 QUINCE, C.J., recused.
 

 [1]
 

 . We have jurisdiction.
 
 See
 
 art. V, § 3(b)(1), (9), Fla. Const.